Good morning, Your Honors, and may it please the Court. Alex Bodeman on behalf of Lionel Cannon, I'd like to try to reserve four minutes for rebuttal and I will keep my eye on the clock. Thank you. The District Court erred by denying Mr. Cannon's motion for return of property based on its belief that the money seized from him was contraband. As this Court held in right, U.S. currency is not contraband and the government can obtain forfeiture proceedings, which is undisputed the government never did here. On appeal, the government claims that sovereign immunity bars Mr. Cannon's motion because he can't recover money the government says it does not have. But at the very least, there's a factual dispute on that point. The record shows the government began obtaining this money back from Agent Bowman as far back as 2016 and that its collection efforts have continued since then. So even under the government's view of how sovereign immunity operates, there's a genuine dispute of fact that can't be resolved on summary judgment. But the government's view of sovereign immunity is also legally wrong. Sovereign immunity applies only to claims for money damages, but Mr. Cannon does not seek damages. Rather, as the first and fourth circuits have held, his motion for the return of currency seized from him seeks equitable specific relief to which sovereign immunity does not apply. So I'd like to start with the framework that governs Rule 41G motions. After the end of a criminal case, anyone who had property seized from them in connection with that case is presumptively entitled to get it back. It's the government's burden to rebut that presumption, and this court's case law recognizes only three ways in which it can do so. First, it can show that the property is subject to forfeiture. Second, it can show that there is some third party that has a cognizable claim of ownership to the property. And third, it can show that the property is contraband. There's no dispute that the first two categories aren't at issue here. The money is not subject to forfeiture because the limitations period for seeking forfeiture has expired. And there's no suggestion that there's any third party with any claim to the money. So I guess the government's argument is that it's not the same money, so if there were like a brick of money that was in the safe and the government took the brick, that might be forfeitable. But here, the money was taken by Mr. Bowman and disbursed. So now it's just different money that your client is asking for. So two points on that. I think, one, we think whether it's the same money or not is immaterial, as the first and fourth circuits have held. But even if you put that aside, I don't know that the court needs to dive too deeply into the sovereign immunity issues here because we have, in the record, evidence that the government has been recouping this money from Agent Bowman. And so I think even on... They're recouping. Their argument is, yes, they may be recouping some money, but it's not the same property that was in the safe. Their argument is, in effect, it's damages for the lost money. So I don't actually think we know whether the money they're recouping is the same money in the safe. Their argument seems to be that they don't have the money because Agent Bowman stole it, but they don't address at all the fact that they've been recouping money from him. But I think even if you put that aside, what this court's decision in $277,000 says is that when the government obtains a benefit from property that it seizes, the benefit belongs to the actual owner of the property. So here the government has used... The government argues that $277,000 is about interest. And so recouping funds after they've been dispersed is not interest or proceeds. That's their argument. I didn't understand that to be arguing that, but I think the $277,000 speaks for itself, which it says when the government obtains some benefit from having the property, the benefit inerts to the original owner. And here they obtained a $136,000 judgment against Agent Bowman based on Mr. Cannon's money. And what it seems like they're arguing here is that the motion should be denied on sovereign immunity grounds, and then they can nevertheless, you know, collect the entire judgment from Agent Bowman, or perhaps they already have in pocket that money. And I'd submit that that can't be right. Counsel, if Cannon had had jewelry in this safe, and it was jewelry that the agent stole, and was then paying cash back to the government, would you have an argument here? No, I think that's Ordonez. Okay. All right. What if it was... What if these were gold coins? So I think it would depend. I think if you're trying to recover for the market value of gold coins, then that probably puts that in the realm of Ordonez. But if the gold coins have a face value on them... So if they're Krugerrands, your client would be out of luck if they're U.S. tender. You get the $20 per gold coin, but not either the numismatic value or the value of the gold itself. I think I agree with that, Judge Bybee. And I think the reason why is that what these specific relief cases have recognized, what the First and Fourth Circuits recognized, is that money currency is just fundamentally different from other forms of property. You can't put a boat into a bank, but you can put currency into a bank. And what this court said in $277,000 is when you put the currency into the bank, yes, we may not be able to get the specific bills back, but it didn't even question that you could get the sum of money back. And it even said that you could earn interest on that money, interest that the claimant didn't even have at the time of seizure. So I think those cases make very clear that we're not talking about the specific bills. What the First and Fourth Circuits have held is when currency is seized, the claimant is entitled to get it back regardless of whether the government can return the specific bills. But again, I think it would be perfectly sufficient for the court to say, even under the government's view of how sovereign immunity operates, there's at least a factual dispute here that can't be resolved on summary judgment and allow the district court to pass upon all these issues, which it hasn't addressed any of them. I'd just like to say, with respect to the merits, I think this case is on all fours with this court's decision in Merolth. There, it was a boat that was allegedly connected to drug trafficking, and it was a similar type of situation. The forfeiture was void, the statute of limitations period had run, and what this court said was the forfeiture didn't happen, there's nothing the government can do about it anymore. And so the claimant is entitled to the boat back despite evidence that had the government initiated forfeiture proceedings, it may well have prevailed in those proceedings. And so we think that that's the case here. The court shouldn't be getting into the question of where the money came from. So if we send this back to the district court, what is the district court going to be inquiring? Is it going to be making findings of fact about the money that your client claimed? And your client claimed something in the nature of between, what, $50,000 and $60,000? No, so I think it's undisputed that the money that was stolen by Agent Bowman from our client was $218,000, and he's claiming the whole amount. Yeah, but the proof that he had of sort of how he acquired this was limited to about $60,000, money from his mother and from somebody else, and it was $1,000 here and $1,000 there. So I think two points on that. So the specific sums from the gifts and the vehicle sales and the like that you mentioned did add up to about $60,000, but the declaration also includes two years of employment income, so at rates that are listed in the declaration. But I think the more fundamental point is that we're not concerned, actually, with where the money was earned at this point. The only relevant question is what was this money in Mr. Cannon's possession at the time of seizure? There's no dispute that it was, so he has presumptive title to it. He is presumptively entitled to its return no matter where it came from. Even if he could come in now and set in a declaration this was drug proceeds, the government, the place to litigate those issues was forfeiture proceedings. And because the government didn't initiate forfeiture, it can't try to do it through the back door here in Rule 41G, that's what Wright held. If there aren't any further questions from the court at this point, I'm happy to reserve the balance of my time. We'll hear from the government. Good morning, Your Honors. May it please the Court, Ryan Waters for the United States. This court should affirm the district court because sovereign immunity bars money damages in 41G motions in matters where the government no longer possesses the currency. There is one uncontested fact in this matter, at least one. The government does not have the currency. It has not possessed the currency since Agent Bowman stole it from temporary storage the morning after the seizure from Mr. Cannon. And any argument that a money judgment of forfeiture constitutes the same currency misunderstands money judgment of forfeiture orders and forfeiture process generally. What if we could show that the serial numbers were identical to the ones that were in Mr. Cannon's safe? That is, that the agent is returning the exact bills. What if Mr. Cannon had initialed them up in the upper right-hand corner on the back? Your Honor, so as part of the payment in the money judgment of forfeiture, the money given to the government was the same bills? Is that the question, Your Honor? Yeah. In that case – Opposing counsel has said money is fungible, okay? And so it doesn't matter. We don't have to compare Social Security numbers. We don't have to see, you know, which Secretary of the Treasury signed the bills. And so now I'm – and you seem to have – you're going to contest that. So now I'm going to ask you the hard question. What happens if it turns out they actually are the same? Then does the government have to give it back? There are other proceedings for – if someone purports and says they're a victim of Mr. Bowman's crime, there are proceedings for victims to receive money through the money judgment of forfeiture. Okay, but if this is the money that the government said was in Cannon's safe and Cannon says I want my money back under this proceeding, you've lost your right to bring a forfeiture proceeding. Do you have to give it back if you can match the serial numbers? There is not a – there cannot be a forfeiture proceeding against Cannon because of the statute of limitations. In this case, there is a money judgment of forfeiture order in the Bowman case. So that money can be forfeited. Any money collected through the money judgment of forfeiture can be forfeited through the money judgment of forfeiture process. And so anyone who believes that they have a right to that money – I don't think you're answering Judge Bivey's question. And I was referring to it just as there's a brick of money that was wrapped in pink cellophane in the safe, and the government took that brick. Wouldn't that be forfeitable? Wouldn't he have to – wouldn't the government have to return that? If it was seized from Agent Bowman? Exactly. Yes, it most likely would have been forfeited in Agent Bowman's proceedings. And anyone who claimed a right to that money through the process, through that forfeiture process, would have the ability to get – to show their interest in property. But they would have to go through the Bowman forfeiture proceeding rather than through the 41G? Yes, Your Honor. Even though – what if it had already been marked as, you know, Exhibit A in Cannon's case, and then Bowman had purloined it? It would be forfeited as proceeds of Bowman's crime, and we have forfeiture – it's common. It's every day that the government will trace proceeds to crimes, and they will attempt to forfeit those proceeds. And there's not – we don't use 41G where victims come in and try to take that money directly. We have the forfeiture proceedings in Bowman's case, and Cannon would have the ability to contest the forfeiture, say it's innocent money, it's clean money, it's not drug money, and come in and contest that forfeiture and get it back through that process. 41G, asking for the return of it, is to go around that forfeiture process in the Bowman case. Yeah, but this was taken from Bowman. I mean, this was taken from Cannon. It's pretty obvious, right? You don't dispute that. You don't dispute that your guy lost Cannon's money. Well, in this scenario where everything is marked and, you know, wrapped in pink paper, it probably would be a very simple forfeiture proceeding. The government would forfeit these marked bills as proceeds of the Bowman crime, and if Cannon came in to that proceeding and said, used all the evidence that we're talking about as far as it being marked and it's the same and was able to say that it wasn't drug proceeds, then there's a very good chance that he would have success in this case. The part about the forfeiture process, if it goes through the Bowman case, is that other people would have the right to make that, would be able to contest that forfeiture. There were other individuals who had money seized from them, currency seized from them, that would have an interest in claiming that the currency is theirs. There was about $10,000 to $11,000 seized from a different individual that Bowman stole. There was about $4,000 to $5,000 from another individual that was seized for evidence that Bowman stole. So all those people or anyone out in the world should have an ability through the Bowman forfeiture process to claim that that is their money and that they have interest in it. Did Cannon have timely notice that Bowman had stolen his money? I'm sorry, Your Honor? Did Cannon have timely notice that Bowman stole his money? How would he know to go to a forfeiture proceeding? Yes, he did. As part of Bowman's case, he was interviewed by the OIG and was asked about the currency in his safe and knew about the allegations of the theft. So going back to Cannon's 41G case, if Cannon claimed the brick of money, as I'm calling it, and the government had the brick in its possession, there wouldn't be any question that there was jurisdiction and that the government would have to go through the 41G process and possibly give that back to him. Is that right? The 41G process would be if the government seized the property and never lost custody. And so they got the brick. Either they got the brick directly from the safe or they got the brick from Bowman. It's the same dollars, as Judge Bybee was saying. And then the time period for forfeiture passed, and then Cannon brought this claim. Would he be entitled to get the brick back, the brick of money? If the government had custody of that brick the entire time? Yeah, exactly. Yes, he would have the right to make the 41G. The 41G would not be out of subject matter jurisdiction as this is. And so the real issue here is that there's nothing saying the government has that amount of money. The opposing counsel says, well, will the government recoup funds from the agent? But there's nothing that says it's the same dollars that were taken from the safe. Yes, Your Honor. The nature of the money judgment of forfeiture is that it's in order to pay a specific sum of money that does not necessarily have any connection to any specific property. There is a process with the money judgment of forfeiture through Criminal Rules of Federal Procedure 32.2 where substitute property can come in and be applied to the money judgment of forfeiture. So when opposing counsel argues that any money that is collected through the money judgment of forfeiture is the same currency, it's just not true. You could have a home that Bowman bought 20 years ago. That could be applied to the money judgment of forfeiture. In this case, there was a car that was seized from Ava Bowman. That is the car. It's not the currency. So the argument that the money judgment of forfeiture rules that the currency must be returned or there is a return, that is not a money judgment of forfeiture. Money judgment of forfeiture is generally used when the proceeds cannot be identified, and so we must use this other means in order to forfeit a certain amount of money. This may have been the record. I missed this, but Bowman stole $218,000, but he was ordered to only, I think, return something like $136,000. How did that figure come out? I'm trying to see if that was somehow subtracting the thing that he already spent, and was government assuming that the $136,000 he stole was still in his safe? Yes, Your Honor. I looked into that. That is not on the record. My presumption, without having information on it, is that there most likely was a disagreement between prosecutors and Bowman. There was not a known number of what he seized from Cannon. The $11,000, approximately $11,000, and the $4,000 was in the factual basis of Bowman's plea. There was an unknown amount of money in what was stolen from Cannon's safe, stolen from the government. Is there anything in the record how much Bowman has paid back of the $136,000, if any? Not on the record. I know not on the record. I'm happy to provide that information if asked. Opposing counsel says $277,000 case controls this one. Is that distinguishable? My understanding was you were arguing that that was about interest, but he was saying it applies here. What this court made clear in the $277,000 case is that it was about the interest, and the interest was part of the substitute res. What I want to make clear is the government is not arguing that substitute res, and changing money, or seizing money and putting it into a seizing account where seized funds are held, or a Meroff where there's a boat that's seized and it's sold and it turns into substitute res. The government is not arguing that substitute res cannot be the subject of a 41G motion. In that $277,000, it was seized. It was put into a seized holding account. It was never forfeited. It was never dispersed. In the $277,000 case, this court argued the interest was part of the substitute res and made the analogy that in asking for the return of a pregnant cow, in order to return a cow that's no longer pregnant, it doesn't make sense to not also return the calf. The interest is part of that substitute res. So in any case where there is substitute res like Meroff or $277,000, it's quite common that the government will seize money and put it into a holding account or have an interlocutory sale. We are not arguing that that would preclude a 41G motion. In this case that we have, the stolen currency did not turn into anything else. It's gone. Thank you. Should the court not have any further questions for the reasons stated? Thank you. You have some time for rebuttal. Thank you, Your Honor. Thank you, Your Honor. I'd like to pick up where the government just left off with this substitute res issue. The substitute res here is the judgment that it got against Agent Bowman. That judgment is substituting for the money that was stolen by Agent Bowman, and the government procured that judgment based on the fact that it had possessed Mr. Kainan's money. If it did not possess Mr. Kainan's money, it would have had no basis for procuring that judgment. And so that's why we think at the very least Mr. Kainan should be able to recover up to that judgment amount that the government could, if it hasn't executed on, could execute on at any time. And what the government seems to be saying here is that it can use the money that it had of Mr. Kainan's to procure this judgment against Agent Bowman. Mr. Kainan is out of luck because we can't trace specific bills, but the government then gets to pocket this judgment that it got against Agent Bowman. And I would just respectfully submit that can't be right. What's the difference between a substitute race and damages? So I think a substitute race is when the property is changing forms. Damages is a situation where the property, what this court said in Ordonez, the property had been lost. So it didn't actually change forms. And substitute race is a situation like in $277,000, and I think the same situation with the judgment here where $277,000 was money put into a bank account. So obviously at that point the specific bills are gone. What the court said was that creates an obligation on the part of the bank to return the same sum of money to the government on demand, and that's why it's a substitute race. The judgment operates the same way. That's an obligation by Agent Bowman to return this sum of money to the government on demand. And if the government has not already fully collected the judgment, it certainly has the right to do so. And it procured that judgment only through the use of Mr. Kainan's money. And what $277,000 is very clear is when the government actually gets a benefit from property that it has seized, that benefit belongs to the rightful owner of the property. Here that would be Mr. Kainan. So I think even under the government's view of sovereign immunity, he's at least entitled to recover up to the judgment amount. But our view is that these motions for return of seized currency as the First and Fourth Circuits have held, what we're really doing here is enforcing an obligation that the government incurred at the time of seizure to return the same amount of money to the person it was seized from if it failed to seek forfeiture. And that's why the specific bills don't matter. And I think that we have Bowman, but we also have the D.C. Circuit's decision in America Community Bankers that I think is really illustrative. There it was a bank that gave money to the FDIC, was charged by the FDIC, and alleged it was overcharged and that it was entitled to a refund of some of that money. What do you do to the government's argument that your client's remedy was to participate in the forfeiture proceedings for Bowman? That's an argument that it's making for the first time today, and I think it's directly contrary to Merolf. So in Merolf, what happened was there was two co-defendants that supposedly had a right in this boat. The government sent a forfeiture notice to one of them, but not the other, and obtained forfeiture against one of the co-defendants. And the court here didn't say, well, you have to then go intervene in that co-defendant's forfeiture proceedings and try to litigate your rights there. It said, no, the government had an obligation to provide the notice to the other owner of the boat. It didn't do that. The limitations period has expired, and so it's entitled to get the boat back. And so, again, this is an argument that the government's making the first time today, but I don't think it has any merit. This is Mr. Cannon's money. He shouldn't have to jump through additional procedural hurdles solely because the government's agent stole the money after it was in the government's possession. His right is against the government itself. It arose out of the original seizure, and enforcing upon that right is a claim for specific relief, not a claim for damages. So, you know, I think there's a lot of ways the court could resolve this case. It could leave a lot of this to the district court, but I would urge the court to hold that he has a right to recover this entire sum of money. At the very least, he should be entitled to recover the amount of the judgment against Aja Bowman. And with that, there's some more questions. Thank you. The case of Cannon v. United States is submitted. And the case of Duffy v. J.P. Morgan Chase Bank is submitted on the brief. And this court for this session stands adjourned. All rise. This court for this session stands adjourned.
judges: BYBEE, IKUTA, LEE